IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Moses Eduardo Morales,<br><br>    Petitioner,<br><br>vs.<br><br>Michael B. Mukasey,<br><br>    Respondents. | No. CV-07-2088-PHX-PGR (LOA)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his detention pending removal proceedings violates the Fifth Amendment. (docket # 1) Respondents argue that Petitioner's detention during removal proceedings was expeditious and that Petitioner is not entitled to relief. (docket # 7) Petitioner has filed a reply urging the Court to grant his petition. (docket # 9)

**I. Background**

Petitioner is a native and citizen of Mexico. On September 10, 1986, he entered the United States without admission or parole. (Respondents' Exh. 1)

On January 18, 2000, Petitioner was convicted in the District Court, State of Nevada, Clark County, of assault with a deadly weapon, a felony, in violation of Nevada Revised Statutes § 200.471. (Respondents' Exh. 2) He was sentenced to 36 months' imprisonment with a minimum parole eligibility of 12 months. (Respondents' Exh. 2)

On April 10, 2003, in the Superior Court of California, El Dorado County, Petitioner was convicted of "Corporal Injury to Spouse/Co-Habitant/Former Co-

1  habitant/Child's parent" in violation of California Penal Code § 273.5(a) and sentenced
2  Petitioner to two years' imprisonment. (Respondents' Exh. 3)

3       On May 11, 2006, the Department of Homeland Security ("DHS") issued a Notice
4  to Appear ("NTA"), charging Petitioner with removability pursuant to: (1) INA §
5  212(a)(6)(i), as "an alien present in the United States without being admitted or paroled,
6  or who arrived in the United States at any time or place other than as designated by the
7  Attorney General," and (2) INA § 212(a)(2)(A)(i)(I), as "an alien who has been convicted
8  of, or who admits having committed, or who admits committing acts which constitute the
9  essential elements of a crime involving moral turpitude . . .or an attempt or conspiracy to
10 commit such a crime." (Respondents' Exh. 4) That same day, the government served
11 Petitioner with a Notice of Custody Determination detaining him without bond.
12 (Respondents' Exh. 5)

13      On May 23, 2006, Petitioner appeared before the immigration court for a master
14 calendar hearing. Petitioner requested, and was granted, additional time to obtain
15 counsel. Accordingly, the court continued Petitioner's case to June 6, 2006. The court
16 subsequently granted two additional continuances to allow Petitioner to find counsel.[1]

17      Petitioner appeared with counsel at a July 6, 2006 removal hearing before an
18 Immigration Judge ("IJ"). At that time, Petitioner admitted the allegations of alienage
19 and manner of entry in the NTA, and conceded the charge of removability under INA §
20 212(a)(6)(A). (Respondents' Exh. 14, Tr. July 6, 2006 at 2) However, Petitioner denied

21

---

22 [1] Respondents cite to Exhibit 14, transcripts pgs. 1-2 in support of the information regarding the May 23, 2006 hearing and that Plaintiff requested continuances so he could obtain counsel. (docket # 7 at 3, lines 5-9) Exhibit 14 does not include this precise information. However, Respondents' Exhibit 14, transcript of July 6, 2006 proceedings, indicates that Petitioner was represented by counsel at that hearing and that the case had been "set over for attorney preparation." (Respondents' Exh. 14, Tr. 7/6/2006 at 1) Petitioner does not object to Respondents' factual statement at page 3, lines 5-9 of their Response. (docket # 9) Thus, the Court finds no reason to discredit the information page 3, lines 5-9 of Respondents' Response. (docket # 7)

28

- 2 -

1  the allegations of his criminal convictions, and the charge of removability under INA §
2  212(a)(2)(A)(i)(I). (*Id*.)  The IJ scheduled a contested removal hearing for August 29,
3  2006.  (Respondents' Exh. 14, Tr. July 6, 2006 at 5-6)
4       During the August 29, 2006 contested removal hearing, DHS withdrew the
5  allegation of Petitioner's January 18, 2000 conviction for "assault with a deadly weapon,"
6  in violation of Nevada Revised Statutes § 200.471.  (Respondents' Exh. 14, Tr. August
7  29, 2006 at 10)  The IJ sustained the remaining charges of removal contained in the NTA.
8  Petitioner indicated that he intended to apply for cancellation of removal pursuant to INA
9  § 240A(b), 8 U.S.C. § 1229a(b), in conjunction with a waiver of inadmissibility under
10 INA § 212(h), 8 U.S.C. § 1182(h).  (Respondents' Exh. 14, Tr. August 29, 2006 at 11-12)
11 The IJ continued Petitioner's case to September 29, 2006 to permit the parties to brief
12 Petitioner's eligibility for cancellation of removal under § 1129a(b).  (*Id.* at 11-14)
13      On September 29, 2006, Petitioner advised the IJ that he had not received DHS'
14 brief prompting the IJ to continue the proceedings to October 24, 2006.  (Respondents'
15 Exh. 14, Tr. September 29, 2006 at 20-22)
16      During the October 24, 2006 removal hearing, the IJ found Petitioner ineligible for
17 the requested relief, and therefore, denied his applications for cancellation of removal
18 under § 1129a(b) and waiver of inadmissibility under § 1182(h) and ordered him removed
19 to Mexico.  Petitioner reserved appeal.  (Respondents' Exh. 6; Exh. 14, Tr. October 24,
20 2006)
21      Petitioner appealed the IJ's October 24, 2006 decision to the Board of Immigration
22 Appeals ("BIA").  (Respondents' Exh. 7)  On January 26, 2007, the BIA dismissed
23 Petitioner's appeal and affirmed the IJ's decision.  (Respondents' Exh. 7)
24      On January 31, 2007, Petitioner filed a petition for review of the removal order and
25 a motion to stay deportation with the Ninth Circuit Court of Appeals.  (Respondents'
26 Exhs. 8, 9)  On June 12, 2007, the Ninth Circuit issued a stay of removal.  (Respondents'
27
28

1  Exh. 11)  The parties' briefing indicates that Petitioner's case is currently pending before
2  the Ninth Circuit Court of Appeals.  (Respondents' Exh. 11)
3         On April 9, 2007, DHS served Petitioner with a "Notice to Alien of File Custody
4  Review" advising him that his custody would be reviewed on April 26, 2007 and that he
5  could submit documentation in support of his release on or before April 24, 2007.
6  (Respondents' Exh. 12)  On May 1, 2007, DHS issued a Decision to Continue Detention
7  advising Petitioner that he would not be released from custody.  (Respondents' Exh. 13)
8  Petitioner remains in DHS custody in Eloy, Arizona.  (Respondents' Exh. 13)
9  **II.  Analysis**
10        This Court may issue a writ of habeas corpus to a DHS detainee who is "in custody
11  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §
12  2241.  In his Petition for Writ of Habeas Corpus, Petitioner asserts that he has been
13  detained since May 12, 2006 and that his continued detention is unlawful.  (docket # 1)
14        **A.  Governing Statutes**
15        Several federal statutes provide for the detention of aliens under different
16  circumstances.  Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C.
17  § 1226, governs the initial apprehension and detention of aliens for purposes of
18  determining whether an alien should be removed from the United States. 8 U.S.C. § 1226.
19  Section 1226(c) provides that, except in limited circumstances, aliens convicted of
20  qualifying crimes be detained pending removal proceedings.  8 U.S.C. § 1226(c).
21        After the completion of removal proceedings, the detention, release and removal of
22  an alien who has been ordered removed is governed by 8 U.S.C. § 1231(a). *Zadvydas v.*
23  *Davis*, 533 U.S. 678, 683 (2001)(referring to § 1231 as the "post-removal-period
24  detention statute.").  Section 1231(a) does not apply until the removal period has
25  commenced. *See*, 8 U.S.C. § 1231(a)(1)(B)(stating that "the removal period begins on the
26  latest of the following: (i) The date the order of removal becomes administratively final.
27  (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal
28
- 4 -

1  of the alien, the date of the court's final order. (iii) If the alien is detained or confined
2  (except under an immigration process), the date the alien is released from custody or
3  confinement.") *See also, Armijo v. Gonzales*, No. CV-05-1055-NVW (MEA), 2005 WL
4  2897520 (D. Ariz., Nov. 1, 2005)(noting that order of removal was not final because
5  Immigration Judge's decision finding petitioner ineligible for cancellation of removal was
6  still on appeal before the BIA.). Because Petitioner's removal order is presently on
7  appeal to the Ninth Circuit Court of Appeals, the removal period has not commenced and
8  Title 8 U.S.C. § 1226(c) governs Petitioner's detention. For the reasons set forth below,
9  the Court rejects Petitioner's claims and finds that his current detention is lawful.

### B.  Whether § 1226 authorizes Petitioner's Continued Detention

The issue before the Court is whether an alien, such as Petitioner, who is detained pursuant to 8 U.S.C. § 1226(c) and who does not have a final order of removal because of challenges he is making to his removal, is entitled to release or a bail hearing.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court addressed detention under § 1226(c). The Court held that the detention of criminal aliens pursuant to 8 U.S.C. § 1226(c), i.e, before the issuance of a final order of removal, is "constitutionally permissible" for the "*limited* period" necessary to complete removal proceedings. *Id.* at 526, 531(emphasis added). In reaching this conclusion, the Court noted that detention under § 1226 is usually of short duration with a "definite termination point." *Id.* at 529. Specifically, the Court found that "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about *five months* in the minority of cases in which the alien chooses to appeal. *Demore*, 538 U.S. at 530 (emphasis added). Although petitioner in *Demore* was detained for over six months, which was longer than average, the Supreme Court found petitioner's 'temporary' confinement permissible. *Demore*, 538 U.S. at 530-531. The *Demore* Court also noted that petitioner had conceded removability. *Id.*

- 5 -

1    Two years after *Demore*, in *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005),
2  the Ninth Circuit considered a habeas corpus petition filed by an alien who had been
3  detained under § 1226(c) for "over two years and eight months." *Id.*   The Ninth Circuit
4  "construed the authority conferred by § 1226(c) as applying to expedited removal of
5  criminal aliens." *Id.*  The Ninth Circuit concluded that "[t]wo years and eight months of
6  process is not expeditious; and the foreseeable process [necessary for judicial review] in
7  this case . . . is a year or more." *Tijani*, 430 F.3d at 1242. *Tijani* held that petitioner was
8  entitled to release unless the government provided him with a bond hearing before an
9  immigration judge and established he was flight risk or a danger to the community.
10 *Tijani*, 430 F.3d at 1242.  In further support of the Court's ruling, Tashima, J., concurring,
11 noted that "the sheer length of [petitioner's] detention violates the Constitution now." *Id.*
12 (Tashima, J., concurring).
13    Contrary to Petitioner's assertion, the rationale of *Tijani* does not apply to his case.
14 First, unlike the alien in *Tijani*, whose administrative process lasted twenty months,
15 Petitioner's detention during administrative proceedings lasted less than eight months.
16 Petitioner's removal proceedings commenced when the government filed the NTA on May
17 11, 2006.  DHS took Petitioner into custody that same day.  (Respondents' Exh. 4) *See*,
18 *Armendariz-Montoya v. Sonchik*, 291 F.3d 1116, 1121 (9th Cir. 2002), *cert. denied*, 539
19 U.S. 902 (2003)(noting that removal proceedings commence when the charging document,
20 the Notice to Appear, is filed with the immigration court.)  The Immigration Judge issued
21 a decision on October 24, 2006 and ordered Petitioner removed to Mexico.  (Respondents'
22 Exh. 6) The BIA dismissed Petitioner's appeal on January 26, 2007.  (Respondents' Exh.
23 7)  Although Petitioner's administrative proceedings lasted slightly longer than those in
24 *Demore*, Petitioner's administrative proceedings, which lasted less than eight months,
25 were expeditious unlike the protracted proceedings disapproved in *Tijani*.
26    To date, Petitioner has been detained roughly 20 months.  Of those 20 months,
27 approximately eight months, or 25 %, was spent in detention during administrative
28

1 proceedings. In *Demore*, the Supreme Court found that petitioner's 6-month detention
2 during removal proceedings was reasonable. *Demore*, 538 U.S. at 512. Petitioner's
3 detention of approximately eight months during administrative proceedings is only slightly
4 longer than the average length of detention when an alien chooses to appeal (five months),
5 and the six months that the Supreme Court suggested would be reasonable in *Demore*.
6 538 U.S. at 530.

7       The remainder of Petitioner's detention, approximately 12 months, has occurred
8 during his judicial appeal based on a stay of removal which Petitioner obtained from the
9 Ninth Circuit. Respondents correctly assert that Petitioner's decision to seek judicial
10 review and a stay of removal has contributed to the overall length of his detention.
11 Although Petitioner "should not effectively be punished for pursuing applicable legal
12 remedies," *Lawson v. Gerlinski*, 332 F.Supp.2d 735, 746 (M.D.Pa. 2004), there is no
13 evidence that the government has prolonged the appeal unreasonably. Petitioner's judicial
14 appeal time (approximately 12 months to date) is within the norm for civil appeals in the
15 Ninth Circuit. *Mboussi-Ona v. Crawford*, No. CV-06-2897-PHX-NVW (BPV), 2007 WL
16 3026946, * 5 (D.Ariz. Sept. 27, 2007)(finding that appeal which had been pending for
17 seventeen months before the Ninth Circuit was within the norm.); *Azeke v. Gonzales*, No.
18 C-07-0709-MMC, 2007 WL 1223844 (N.D.Cal. April 25, 2007) (noting that appeal which
19 had been pending for ten months before the Ninth Circuit was reasonable.). Additionally,
20 in his concurring opinion in *Tijani*, Judge Tashima found it significant that Tijani had an
21 almost certain chance of winning his argument on appeal regarding whether his underlying
22 conviction was an aggravated felony. *Tijani*, 430 F.3d at 1247-48. Unlike *Tijani*,
23 Petitioner admitted the factual allegations and conceded the charge of removability under
24 8 U.S.C. § 1182(a)(6)(i) (entry without inspection). (Respondents' Exh. 14) Although
25 Petitioner contested other charges, his concession of one charge was sufficient to establish
26 removability. Petitioner did not challenge the IJ's finding on the conceded charge on
27 appeal to the BIA, or to the Ninth Circuit. (Respondents' Exhs. 7, 8, 15, 16)
28

1   Petitioner's case is also distinguishable from *Nadarajah v. Gonzales*, 443 F.3d 1069
2   (9th Cir. 2006). In *Nadarajah*, a non-criminal alien was detained for five years. The Ninth
3   Circuit held that his detention was impermissible because the petitioner "established that
4   there was no significant likelihood of removal in the reasonably foreseeable future."
5   *Nadarajah*, 443 F.3d at 1080 (stating that "detention of nearly five years- ten times the
6   amount the Supreme Court has considered acceptable absent a special showing - is plainly
7   unreasonable under any measure."). Although petitioner in *Nadarajah* was detained under
8   § 1225(b), unlike petitioner who is detained under § 1226(c), "the Ninth Circuit's reading
9   of *Demore* in *Nadarajah* indicates that section 1226(c), like section 1225(b), should be
10  construed to prohibit indefinite detention and to contain the same reasonableness
11  limitations on detention as § 1225(b)." *Martinez v. Gonzales*, 504 F.Supp.2d 887, 897
12  (C.D.Cal. 2007).

13  Petitioner has been detained significantly less time than petitioner's five-year
14  detention in *Nadarajah*. Additionally, Petitioner has been ordered removed to Mexico and
15  there is nothing in the record to suggest that Petitioner's removal to Mexico will not be
16  effectuated in the reasonably foreseeable future upon the conclusion of his proceedings
17  before the Ninth Circuit.

18  In summary, Petitioner's detention under § 1226(c) falls under the Supreme Court's
19  decision in *Demore* and his detention has not exceeded the "brief period" authorized by
20  §1226(c).

21  Accordingly,

22  IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas
23  Corpus (docket # 1) be **DENIED**.

24  This recommendation is not an order that is immediately appealable to the Ninth
25  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
26  Appellate Procedure, should not be filed until entry of the District Court's judgment. The
27  parties shall have ten days from the date of service of a copy of this recommendation

- 8 -

within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 8th day of February, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge